**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DARWIN RODRIGUEZ-FERREIRA, | : | |
| Petitioner, | : | Civil Action No. 21-28 (JMV) |
| v. | : | **OPINION & ORDER** |
| CINDY SWEENEY, et al., | : | |
| Respondents. | : | |

Before the Court is Petitioner's motion seeking to reopen in this matter. (D.E. 8.) In an earlier Order, the Court stayed this matter so that Petitioner may pursue unexhausted claims in state court through a second post-conviction relief petition. (D.E. 6.) Petitioner advises that he has completed exhausting his claims. (D.E. 8.) As a result, the Court will reopen this matter. Next, the Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and concludes that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief." Accordingly,

IT IS, on this 19th day of December 2022,

**ORDERED** that the Clerk of the Court shall REOPEN this matter and LIFT THE STAY; and it is further

**ORDERED** that Petitioner's motion to reopen, (D.E. 8), is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public

Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED** in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

**ORDERED** that if the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondent may file a motion to dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an answer to the merits of the Petition is unnecessary; and it is further

**ORDERED** that if a motion to dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

**ORDERED** that if Petitioner files an opposition, Respondent shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that if the motion to dismiss is subsequently denied, the Court will then direct Respondent to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondent does not file a motion to dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

**ORDERED** that Respondent's answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondent's answer shall address the merits of each claim raised in the Petition by citing to relevant federal law; and it is further

**ORDERED** that in addition to addressing the merits of each claim, Respondent shall raise by way of his answer any appropriate defenses which he wishes to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondent's answer or at the earliest practicable time thereafter may be deemed waived; and it is further

**ORDERED** that Respondent's answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any *pro se* filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondent shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondent files the answer; and it is further

3

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail.

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order on Petitioner by regular mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge