```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DARWIN RODRIGUEZ-FERREIRA,<br><br>       *Petitioner*,<br><br>  v.<br><br>CINDY SWEENEY,<br><br>       *Respondent*. | No. 2:21-cv-00028 (MEF)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history here.

\* \* \*

A New Jersey man left his home, was stabbed, and died in the street. See State v. Rodriguez-Ferreira, 2017 WL 3081058, at *1 (N.J. Super. Ct. App. Div. July 20, 2017).

The Petitioner here[1] was arrested, charged, tried, and convicted for the killing. See id. at *1-2. He was sentenced to 31.5 years in state prison. See id. at *2.

The Petitioner now asks to be released under the habeas corpus statute, arguing that his conviction violated federal law because he was denied effective assistance of counsel in four ways.

The Petition is denied.

\* \* \*

The Petitioner's first ineffective assistance claim concerns DNA testing.

---

[1] Darwin Rodriguez-Ferreira.

The background:

Soon after the murder, police received a call from a member of the public; it lead officers to a knife, wrapped in a pair of boxer shorts, near where the stabbing took place. See Trial Transcript 1T at 69:17-70:12, 73:9-13 (ECF docket entry 15-6). The knife had blood on it. See id. at 69:24-25. The blood was tested. See Trial Transcript 3T at 35:16-36:6 (ECF docket entry 15-8). Per the test, the blood matched the blood of the man who had been killed. See id. A DNA test was then done on the boxers. See id. at 58:14-61:5. Per the test, skin cells in the boxers matched the Petitioner's DNA. See id. at 60:19-61:5.

The Petitioner argues: his trial lawyer was ineffective for not challenging the method of DNA testing used on the boxers. See Petition for Relief From a Conviction or Sentence By a Person in State Custody ("Petition") at 6 (ECF docket entry 1); Brief on First Post-Conviction Relief Appeal After Remand at Ra21, Ra30 (ECF docket entry 15-2). That method, "low copy" DNA testing, is not reliable, the argument goes --- so the lawyer should have attacked it. See Brief on First Post-Conviction Relief Appeal After Remand at Ra21, Ra30.

This argument was put before the state courts.

There, the office of the medical examiner provided "information" that "indicate[d] that . . . [the boxers] were not subject to low copy DNA testing." See Post-Conviction Relief Transcript 5T at 6:1-7 (ECF docket entry 15-16) (emphasis added). And the Petitioner's expert saw it the same way; the expert "confirmed" that low copy DNA testing was not used. See id. at 4:3-9.

In light of this, the relevant state court found that "the boxers were not . . . subject to" low copy DNA testing, "but rather were subject to standard DNA testing." See id. at 15:19-16:5.

Accordingly, the state court denied the Petitioner's DNA-focused ineffective assistance claim as moot. See id. at 15:19-17:13, 18:16-18. The Petitioner appealed, and the state appellate court landed on the same conclusion. See State v. Rodriguez-Ferreira, 2020 WL 1062298, at *2 (N.J. Super. Ct. App. Div. Mar. 5, 2020).

This is all but the end of the road.

2

A lawyer does not fall short (under the first prong of the ineffective assistance test, see Strickland v. Washington, 466 U.S. 668, 687 (1984)) by failing to challenge a scientific test that was not actually done.[2]

And a defendant cannot be prejudiced (under the second prong of the ineffective assistance test, see id.) by his lawyer's failure to object to a test that was not performed. What difference could such an objection have made?

To be sure, it could possibly be that the state court got it wrong --- that a low copy DNA test was, in fact, conducted.

But trying to undo state court factual findings --- that is for the habeas petitioner to take on. The burden is his to carry. See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005).

Here, the Petitioner has not put forward any evidence that the state court made a fact-finding error, that a low copy DNA test was done. He points to no sworn testimony to that effect, for example. And to no testing records.

This leaves things where they were --- with a state court factual finding that low copy DNA testing was not used.

And given that finding, there can be no meritorious ineffective assistance claim based on a lawyer's failure to object to such a test.

*   *   *

The Petitioner's second ineffective assistance claim: his trial lawyer should have challenged the search of the Petitioner's apartment --- because the search, though authorized by a warrant, was done "while no one was home."[3] See Petition at 8.

---

[2] See generally Preston v. Superintendent Graterford SCI, 902 F.3d 365, 379 (3d Cir. 2018) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (cleaned up).

[3] The search was of the Petitioner's apartment. And it mattered because it turned up inculpatory evidence. A knife that looked like the one from near the murder scene. See Trial Transcript 1T at 122:13-123:9. And blood stains that, when later tested, matched up with the blood of the man who had been stabbed to

3

The state appellate court denied this claim. See State v. Rodriguez-Ferreira, 2021 WL 4272725, at *3 (N.J. Super. Ct. App. Div. Sept. 21, 2021).

The reason why: "police officers are allowed to execute a search warrant . . . in the absence of the homeowner or other occupants." Id. at *2 (citing State v. Bilancio, 318 N.J. Super. 408, 418 n.2 (App. Div. 1999)) (emphasis added); see Second Post-Conviction Relief Opinion at Ra350 (ECF docket entry 15-5).

Why does this matter? Because a lawyer cannot be faulted (under the first Strickland prong) for not raising an argument that does not work. And there can be no prejudice to a defendant (under the second Strickland prong) from not raising such an argument.

To dislodge all of this, the Petitioner could have tried to show that the argument could have worked --- that it was indeed improper for police to have executed a search warrant while no one was home.

---

death. See id. at 123:19-124:21; Trial Transcript 3T at 41:4-13.

But the Petitioner (who has the burden, as noted) develops no meaningful argument along those lines.[4] So he cannot prevail on his second ineffective assistance claim.[5]

---

[4] Had the Petitioner tried to develop an argument along these lines, he would have faced a hard uphill climb. This is because police generally may execute a search warrant even when no one is at home. Under federal law. See United States v. Chubbuck, 32 F.3d 1458, 1460 (10th Cir. 1994) ("[P]olice may search a dwelling even when the occupant is not present."); Payne v. United States, 508 F.2d 1391, 1394 (5th Cir. 1975) ("[E]ntry pursuant to a search warrant of unoccupied premises is not per se a violation of the Fourth Amendment."); United States v. Gervato, 474 F.2d 40, 43-44 (3d Cir. 1973) (noting that "neither the Supreme Court nor any court of appeals has ever hinted or suggested . . . that a search warrant should be executed only in the presence of the . . . occupant of the property" and concluding that "the Fourth Amendment does not prohibit per se searches conducted in the absence of the occupant"). And under New Jersey law, too. See Bilancio, 318 N.J. Super. at 418 n.2 ("[I]t is firmly established that the police are not required to wait for the return of the occupants of an unoccupied residence before executing a search warrant."); see also State v. Caronna, 469 N.J. Super. 462, 474 n.4 (App. Div. 2021) ("[P]olice [may] execute a warrant for the search of an unoccupied residence.").

[5] In the state courts, the Petitioner made an added argument: (i) that his sister, a teenager, allowed police officers to enter his residence; (ii) that officers then used their observations from the visit to help obtain the search warrant; and (iii) that this was unlawful --- and therefore should have been objected to by the Petitioner's trial lawyer. See Second Post-Conviction Relief Petition at Ra335 (ECF docket entry 15-4); Letter in Support of Second Post-Conviction Relief Petition at Ra343 (ECF docket entry 15-4); Brief in Support of Second Post-Conviction Relief Appeal After Remand at Ra237 (mentioning letter) (ECF docket entry 15-4). But this claim has not been reasserted here, in federal court. See Petition at 8. And likely with good reason. Under New Jersey law, teenagers are generally allowed to let someone into a residence --- and once inside, the police can lawfully make plain-view observations. See State v. Padilla, 321 N.J. Super. 96, 108 (App. Div. 1999), aff'd 163 N.J. 3 (2000); see also State v. M.A.B., 2025 WL 3199744, at *10 (N.J. Super. Ct. App. Div. Nov. 17, 2025); State v. K.D.C., 2020 WL 864145, at *5-6 (N.J. Super. Ct. App. Div. Feb. 21, 2020). That is what happened here. See Trial Transcript 1T at 120:4-25.

5

\* \* \*

<u>Third</u>, the Petitioner argues that that the lawyer was ineffective because he did not try to preclude certain inculpatory evidence; he should have, the argument goes, because the evidence may have been tampered with and therefore was not amissible at trial under New Jersey law. <u>See</u> Letter in Support of Second Post-Conviction Relief Petition at Ra340-42; Brief in Support of Second Post-Conviction Relief Appeal After Remand at Ra237 (mentioning letter); <u>see</u> <u>generally</u> <u>State</u> v. <u>Brunson</u>, 132 N.J. 377, 393-94 (1993) ("[E]vidence . . . should be admitted if the trial court finds [a] reasonable probability that the evidence has not been changed in important respects or is in substantially the same condition as when the crime was committed[.]") (cleaned up); <u>State</u> v. <u>Lester</u>, 2017 WL 655508, at *3 (N.J. Super. Ct. App. Div. Feb. 17, 2017).

The state appellate court rejected this claim, <u>see</u> <u>Rodriguez-Ferreira</u>, 2021 WL 4272725, at *3, because the Petitioner provided "no evidence to suggest" a "reasonable probability" that the items were altered in any way. <u>See</u> <u>id.</u> at *2-3; Second Post-Conviction Relief Opinion at Ra350.  So there would have been no meaningful tampering-based argument for the trial lawyer to make.  <u>See</u> <u>Rodriguez-Ferreira</u>, 2021 WL 4272725, at *3; Second Post-Conviction Relief Opinion at Ra350; <u>see</u> <u>generally</u> footnote 2.

And here, the Petitioner does not show that this was "unreasonable."   <u>See</u> 28 U.S.C. § 2254(d)(1).

He points to no evidence of tampering or alteration.

Rather, he argues only that the prosecution's failure to call as a trial witness the person who reported that he had found the knife and boxers means that those items must have been tampered with.  <u>See</u> Letter in Support of Second Post-Conviction Relief Petition at Ra341; Brief in Support of Second Post-Conviction Relief Appeal After Remand at Ra224, Ra237.

But this is little more than a guess --- a hunch as to what a potential witness might have said, not evidence of what the witness would have said.  The Petitioner cannot prevail here based on speculation.[6]

---

[6] <u>See, e.g.</u>, <u>Whitely</u> v. <u>Farris</u>, 793 F. App'x 680, 689 (10th Cir. 2019); <u>Post</u> v. <u>Bradshaw</u>, 621 F.3d 406, 422 (6th Cir. 2010);

6

\* \* \*

<u>Fourth</u> and finally, the Petitioner claims that, in the state courts, his post-conviction-relief legal representation was ineffective because his lawyer did not raise certain claims as to ineffective assistance of appellate counsel.  <u>See</u> Petition at 9, 11 (referring to Points II and III of his second petition for postconviction relief); Second Petition for Post-Conviction Relief at Ra336-37; Brief in Support of Second Post-Conviction Relief Appeal After Remand at Ra224.

But this cannot get off the ground.

Per the habeas statute, "[t]he ineffectiveness . . . of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief."  28 U.S.C. § 2254(i); <u>see</u> <u>Washington</u> v. <u>Att'y Gen. of Del.</u>, 2024 WL 1251349, at *1 (3d Cir. Feb. 7, 2024) ("[C]laims of postconviction-counsel ineffectiveness are not cognizable in federal habeas proceedings."); <u>see also</u> <u>Martinez</u> v. <u>Ryan</u>, 566 U.S. 1, 17 (2012).[7]

\* \* \*

For the reasons set out above, the Petitioner's ineffective assistance claims do not clear the bar.  His Petition is therefore denied.

As to next steps: an appeal in cases like this can be taken "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims[.]"  <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 327 (2003).

---

<u>Rolling</u> v. <u>Crosby</u>, 438 F.3d 1296, 1301 (11th Cir. 2006); <u>accord</u>, <u>e.g.</u>, <u>Hannon</u> v. <u>Wahl</u>, 2024 WL 3165488, at *7 (M.D. Pa. June 25, 2024); <u>Thomas</u> v. <u>Davis</u>, 2023 WL 2596891, at *14 (D.N.J. Mar. 22, 2023).

[7] And note: because "[t]here is no constitutional right to an attorney in state post-conviction proceedings . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."  <u>Coleman</u> v. <u>Thompson</u>, 501 U.S. 722, 752 (1991).

7

Here, that standard is not met.  The Court will therefore not issue a certificate of appealability; no appeal may go forward.

                              *     *     *

IT IS on this 5th day of January, 2026, **SO ORDERED.**

                                        _____
                                        Michael E. Farbiarz, U.S.D.J.